# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**CAMERON FLOYD DOWELL,**

      **Plaintiff,**

      **v.**            **Case No. 25-C-1510**

**BRITTANY ECHOLS et al.,**

      **Defendants.**

## ORDER REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT BRITTANY ECHOLS

Plaintiff Cameron Floyd Dowell is currently incarcerated at Racine Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on an Eighth Amendment claim against Defendant Brittany Echols, his former probation officer, based on allegations that she forced Dowell to start an inappropriate sexual relationship with her as well as a failure to protect claim against Defendant Supervisor Scott Guthrie.

On July 14, 2026, Dowell filed a motion for default judgment as to Brittany Echols pursuant to Federal Rule of Civil Procedure 55. Dkt. No. 27. "[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Even though Dowell did not specifically move for the entry of default under Rule 55(a), the court construes the motion as asking for both the entry of default under Rule 55(a) and a default judgment under Rule 55(b). Dowell asserts and the record reflects that Echols did not file an answer or otherwise respond to the complaint. **The clerk is therefore directed to enter default against Brittany Echols pursuant to Federal Rule of Civil Procedure 55(a).**

The clerk is also directed to schedule a Zoom hearing regarding Dowell's motion for default judgment. Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). This is not such a case. Dowell's claim is not for a sum certain or a sum that can be made certain by computation. The case must therefore proceed under Rule 55(b)(2), which authorizes the court to conduct a hearing to determine the amount of damages that Dowell is entitled to recover. **The clerk is therefore directed to set this matter on the court's calendar for an evidentiary hearing by video conference to determine what, if any, damages Dowell is entitled to recover.**

Rule 55(b)(2) further provides that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." On March 17, 2026, Echols filed a notice of change of address in this matter. Dkt. No. 20. The court construes Echols' notice of change of address as an appearance, thereby requiring that she be given notice at least seven days prior to the hearing to determine Dowell's damages. If she so chooses, Echols may appear, cross-examine Dowell, and offer her own testimony concerning the amount of damages, if any, she will be ordered to pay Dowell. **The United States Marshal Service is directed to serve Echols with a copy of the notice of the evidentiary hearing, this order, and Dowell's motion for default judgment at least seven days before the scheduled hearing.**

**SO ORDERED** at Green Bay, Wisconsin this 15th day of July, 2026.

William C. Griesbach
United States District Judge

2